**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

PADO, INC.,

                    Plaintiff,

          v.

SG TRADEMARK HOLDING CO LLC, COY
WEST, HERSCHEL FRIEDMAN, ABC
CORPORATIONS 1-10, and JOHN DOES 1-10,

                    Defendants.

Case No. 1:19-cv-06614-KAM-RER

<u>**FIRST AMENDED COMPLAINT**</u>

**JURY TRIAL DEMANDED**

Plaintiff Pado, Inc. ("Plaintiff"), by its attorneys, for its First Amended Complaint against

defendants SG Trademark Holding Co LLC, Coy West, Herschel Friedman, ABC Corporations

1-10, and John Does 1-10 (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.        This is a civil action for patent infringement, copyright infringement, unfair

competition, deceptive trade practices, trademark dilution, and related claims under federal and

New York State law arising from Defendants' production, promotion, distribution, offer for sale,

and sale of handheld massagers. On information and belief, when Defendants entered the

handheld massager market in 2018, rather than develop their products, user manuals, and

marketing materials, Defendants took the shortcut of copying Plaintiff's patented product,

Plaintiff's copyright-protected user manuals, and using Plaintiff's marketing materials and

Plaintiff's PUREWAVE trademark, thereby passing-off their own copycat massager as a genuine

PUREWAVE massager. Thus, Defendants avoided the cost of developing their own product and

marketing materials by copying Plaintiff's product and Plaintiff's marketing materials, and by

misappropriating Plaintiff's PUREWAVE brand, thereby undercutting the sale of Plaintiff's genuine products in the marketplace.

2.        Plaintiff brings this action under the United States Patent Act, 35 U.S.C. § 1 *et seq*., the United States Copyright Act, 17 U.S.C. § 101 *et seq*., United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq*., and New York State statutory and common law to stop the copying of Plaintiff's patented design, to protect the reputation and integrity of its products and trademark, and to ensure that the public is not deceived into buying Defendants' infringing handheld massager products (the "Infringing Products") thinking that those spurious products originate with Plaintiff. Plaintiff seeks permanent and preliminary injunctive relief and the recovery of actual damages, Defendants' profits, damages, attorney fees, and other relief more fully set forth herein.

<u>JURISDICTION AND VENUE</u>

3.        This Court has jurisdiction over the subject matter of this action pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq*., Section 39 of the Lanham Act, 15 U.S.C. § 1121, the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and 28 U.S.C. §§ 1331, 1332 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

4.        On information and belief, Defendants are subject to personal jurisdiction of this Court because they, *inter alia*, reside in this District, promote and sell handheld massager products throughout this District, transact business within this District, contract to supply goods within this District, engage in a persistent course of conduct in New York and its environs, and expect, or should expect, their acts to have legal consequences within New York and this District.

81816062v.1

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

1400(b), in that Defendants reside in this District, and the events and omissions giving rise to

Plaintiff's claims occurred, and continue to occur, in this District as well as elsewhere in the

United States.

## PARTIES

6.      Plaintiff Pado, Inc. is a corporation organized and existing under the laws of

California, with a principal place of business at 28340 Avenue Crocker #100, Valencia,

California 91355. Plaintiff is the exclusive licensee of United States Patent No. D855,197, owns

United States Copyright Registration Nos. TX-8-796-486 and TX-8-796-570, and is the owner of

all trademark rights in the PUREWAVE handheld massagers.

7.      On information and belief, Defendant SG Trademark Holding Co LLC ("SG

Trademark") is a New York limited liability company having a place of business at 5421 New

Utrecht Avenue, Brooklyn, New York 11219. On information and belief, SG Trademark is the

owner of the MIGHTY BLISS trademark, and manufacturers, imports, promotes, distributes,

advertises, offers to sell, and sells Infringing Products in the United States.

8.      On information and belief, Defendant Coy West ("West"), is an individual

and owner of SG Trademark, and resident of the State of New York, with an address of 1651

55th Street, Brooklyn, New York 11204. On further information and belief, West has personally

participated in and has willfully and knowingly directed the wrongful acts of SG Trademark,

complained herein, and such wrongful conduct has been for the benefit of SG Trademark and for

his own individual benefit and gain.

9.      On information and belief, Defendant Herschel Friedman ("Friedman"), is

an individual and an agent of defendant SG Trademark, and resident of the State of New York,

81816062v.1

with an address of 5421 New Utrecht Avenue, Brooklyn, NY 11219. On further information and belief, Friedman has personally participated in and has willfully and knowingly directed the wrongful acts of SG Trademark, complained herein, and such wrongful conduct has been for the benefit of SG Trademark and for his own individual benefit and gain.

10.     ABC Corporations 1-10 and John Does 1-10 are corporations and other legal entities and/or individuals whose identities are not presently known to Plaintiff, and who are also engaged in manufacturing, exporting, promoting, distributing, selling, and/or offering for sale Infringing Products procured from Defendants. The Complaint will be amended to include the name or names of these individuals as and when such information becomes available.

**Plaintiff and Their PUREWAVE Handheld Massagers**

11.     Plaintiff, and its predecessors-in-interest, have been selling in the United States a line of high-quality handheld massagers under the PUREWAVE trademark since 2015. An image of Plaintiff's PUREWAVE handheld massager is shown below and additional images are attached as **Exhibit 1**.



**Plaintiff's PUREWAVE Handheld Massager**

12.     Plaintiff's PUREWAVE handheld massagers are manufactured by HomElec Korea Co. Ltd. ("HomElec") and imported into the United States. HomElec invested substantial

81816062v.1

resources into designing and developing the PUREWAVE handheld massagers. Rigorous quality control standards are exercised over the production of each product and the materials included in each package bearing the PUREWAVE mark.

13.     On July 30, 2019, U.S. Design Patent No. D855,197 entitled "RECHARGEABLE DUAL MASSAGE APPARATUS" (the "'197 Patent") was duly and legally issued by the United States Patent and Trademark Office ("PTO") to inventor Geon Woo Park of HomElec. A true copy of the '197 Patent is attached as **Exhibit 2**.

14.     The '197 Patent is directed to a handheld massager for massaging, e.g., a user's arms, legs, back, and neck.

15.     The '197 Patent is assigned from Mr. Park to HomElec. Mr. Park is an officer of HomElec. A written assignment from him to HomElec was recorded with the PTO on March 1, 2018 at Reel 045081, Frame 0077. A copy of the patent assignment is attached as **Exhibit 3**.

16.     Plaintiff is the exclusive licensee with the right to sue for infringement of the '197 Patent by way of an exclusive license from HomElec recorded with the PTO on October 29, 2019 at Reel 050859, Frame 0706. A copy of that license is attached as **Exhibit 4**.

17.     Plaintiff, and its predecessor-in-interest, have been offering handheld massage products under a number of marks with the dominant term PUREWAVE, in stylization and standard character formats (collectively, the "PUREWAVE Marks").

18.     Plaintiff owns nationwide common law trademark rights in the PUREWAVE Marks in connection with handheld massagers by virtue of its use of the PUREWAVE Marks throughout the United States. Plaintiff established common law rights in

5

the PUREWAVE Marks prior to any date of first use or priority upon which Defendants can rely in relation to its use of a mark bearing the terms PURE WAVE.

19.     Plaintiff has undertaken very successful efforts to build goodwill and brand recognition for the PUREWAVE products. Plaintiff invested millions of dollars in ongoing efforts strategically to market, advertise, and promote the PUREWAVE Marks in the United States and elsewhere.

20.     Plaintiff advertises, promotes, markets, offers for sale and sells its PUREWAVE products through the online marketplace Amazon.com and Plaintiff's website at www.padousa.com. Attached as **Exhibit 5** are screenshots from Amazon.com and Plaintiff's website showing advertisements developed by Plaintiff for its PUREWAVE handheld massagers.

21.     Plaintiff's social media advertisements have had over 2.4 billion advertising impressions (times that the advertisement has been onscreen for Plaintiff's target audience), and reached over 187 million people (the number of people who viewed the advertisement at least once).

22.     Plaintiff's promotional efforts have paid off. It has sold hundreds of thousands of products bearing the PUREWAVE Marks, resulting in over $70 million in sales.

23.     Plaintiff hosts social media accounts on Facebook, Instagram, and YouTube, which have hundreds of thousands of followers. Attached as **Exhibit 6** are screenshots of Plaintiff's social media pages showing over 477,000 Facebook followers, 32,000 Instagram followers, and over 2,000 YouTube subscribers and over 3,200,00 customer views.

24.     Plaintiff has invested heavily in customer service, addressing product and service issues that customers may have.

6

25.     As a result of the investments by Plaintiff, consumers have come to recognize the name PUREWAVE as signifying high-quality, reliable massage products backed by exceptional customer service.

**Plaintiff's Copyright-Protected User Manuals**

26.     AT Battery Company, Inc. ("AT Battery"), the predecessor of Plaintiff, developed and published a first version of a user manual for the PUREWAVE CM-07 massager (the "2015 User Manual."). The 2015 User Manual contains original text, artwork, and photographs. A copy of the 2015 User Manual is attached as **Exhibit 7**.

27.     In 2016, AT Battery developed and published an updated version of its user manual for the PUREWAVE CM-07 massager (the "2016 User Manual."). The 2015 User Manual and the 2016 User Manual are collectively referred to as the "User Manuals." The 2016 User Manual contains text and artwork, including some of the text and artwork from the 2015 User Manual, plus new text and artwork. A copy of the 2016 User Manual is attached as **Exhibit 8**.

28.     AT Battery registered the copyright in its User Manuals with the United States Copyright Office, Reg. No. TX-8-796-486 and Reg. No. TX-8-796-570, registered Nov. 5, 2019.

29.     AT Battery assigned the United States Copyright Registration Nos. TX-8-796-570 and TX-8-796-486 to Plaintiff. Attached as **Exhibit 9** is a copy of the notarized assignment, dated November 21, 2019, which constitutes prima facie evidence of the assignment of the copyright registrations for the User Manuals.

**Defendants Patent Infringing Conduct**

30.     On information and belief, Defendants import, market, advertise, distribute, offer for sale, and sell the Infringing Products throughout the United States.

81816062v.1

31.     The Infringing Products are copies of Plaintiff's PUREWAVE massagers. An image showing an Infringing Product is shown below and additional images are attached as **Exhibit 10**.

| Defendants' Infringing Product |
|---|
|  |

32.     The Infringing Products infringe the '197 Patent. Images showing the Infringing Products next to the patent drawings are presented below.

| Design Patent D855, 197 | Infringing Products |
|---|---|
|  | |

| Design Patent D855, 197 | Infringing Products |
|---|---|
|  | |

33.     Examples of competing handheld massagers in the marketplace which do not infringe the '197 Patent, and which demonstrate that Defendants had many design alternatives available to them for competing without copying Plaintiff's patent product includes the following:

**Competing Handheld Massagers Currently Offered on Amazon.com**



34.     All Defendants became aware of the '197 Patent, and the infringement complained of herein, at least by November 26, 2019 when the summons and original complaint were served on Defendants.  Thereafter, the Defendants continued to offer to sell and to sell the Infringing Products.

9

35.     As of the filing of the original Complaint in this action, Defendants' website at www.mightybliss.com redirected consumers to the online marketplace Amazon.com in order to purchase the Infringing Products.

36.     On or about December 2, 2019, Plaintiff submitted a complaint to Amazon.com alleging that the Infringing Products infringe the '197 Patent.

37.     On or about December 6, 2019, after reviewing Plaintiff's complaint Amazon.com took down Defendants' offers for sale of the Infringing Products.

38.     Defendants then changed their website www.mightybliss.com to sell the Infringing Products directly to consumers without going through Amazon.com.

39.     Defendants' infringements were willful at least as of November 26, 2019.

**Defendants Copied Plaintiff's User Manuals and Marketing Materials**

40.     The user manuals for Defendants' Infringing Products ("Defendants' User Manuals") are virtual copies of Plaintiff's 2016 User Manual, which is subject of Copyright Registration No. TX-8-796-570. A copy of Defendant's Infringing Product user manual is attached as **Exhibit 11**.

41.     Specifically, Defendants' User Manuals and Plaintiff's 2016 User Manual follow the same Tables of Contents, namely: Contents and Product Description; Charging and Battery Life; Using [the] Massager; Warnings, Safety, and Contraindications; Product Care and Maintenance; Specifications; Troubleshooting; and Warranty.

42.     As an example of Defendants' blatant copying, both Defendants' User Manuals and Plaintiff's 2016 User Manual begin with substantially the same "Product Description" section. The image below shows the "Product Description" paragraph of

10

Defendants' User Manual with the sections that Defendants copied from Plaintiff's 2016 User Manual (**Exhibit 8**) highlighted in yellow.



• **Product Description**

Mighty Bliss Cordless Massager is a fast recharging portable percussion massager. It is effectively designed to be lightweight yet yield outstanding performance and power. Mighty Bliss is powered by a lithium-ion battery and includes an AC charger. Also included with the Mighty Bliss Massager is 6 massage attachments. Mighty Bliss is a powerful cordless massager and should be used with care and safety in mind. Please read all warnings before use.

43.     The "Battery Life" sections of the parties respective user manuals are word-for-word identical, except that No. 3 in Plaintiff's manual notes that the batteries are replaceable for a fee. In both manuals, No. 5 is missing; that is, Defendants so slavishly and unthinkingly copied Plaintiff's 2016 User Manual that they even copied the omission of No. 5. The image below shows the "Battery Life" paragraph of Defendants' User Manual with the sections that Defendants copied from Plaintiff's 2016 User Manual (**Exhibit 8**) highlighted in yellow.



• **Battery Life**
1. Battery life: continuous use up to 180 minutes (if no load is applied).
2. Battery tests were done in the manufacturer's facility with its own equipment. Battery life varies depending on usage.
3. Batteries equipped : Built-in 7.4V Lithium-ion 2200mA 18650 2 Cell, 16.28 Wh.
4. If the product is not in use for a long time, please keep its power off. Batteries will last longer if kept recharged versus at a discharged state.
6. Please keep the massager away from heat and avoid using in places where the surrounding temperature is relatively hot.
7. During storage keep the power off and store the product in a cool place.

44.     Defendants also copied the entire "Warnings, Safety and Contraindications" sections, including Nos. 1 through 6 under "Warnings and Safety," which are word-for-word identical, except that Defendants substituted "Mighty Bliss" for "Pure Wave." The image below

11

shows the "Warning, Safety and Contraindications" introduction paragraph and Nos. 1 through 6 of the "Warnings and Safety" section of Defendants' User Manual with the sections that Defendants copied from Plaintiff's 2016 User Manual (**Exhibit 8**) highlighted in yellow  The image highlighted in yellow below shows an excerpt of the "Warning, Safety and Contraindications" introduction paragraph and Nos. 1 through 6 of the "Warnings and Safety" section of Defendants' user manual that copies Plaintiff's 2016 User Manual.

45.     The parties respective user manuals contain the nearly identical graphics:



| Plaintiff's 2016 User Manual Illustrations | Defendants' User Manual Illustrations |
|---|---|

46.     The foregoing instances of copying are just a representative example of the striking similarities between the parties' respective user manuals.

47.     Defendants' User Manuals are also strikingly similar to portions of, and hence constitutes a copy of, Plaintiff's 2015 User Manual (**Exhibit 7**), which is registered as Copyright Registration TX-8-796-486.

**Defendants' Copying of Plaintiff's Marketing Materials**

48.     Defendants copied Plaintiff's promotional text on Amazon.com, and placed that promotional text on their own website describing the Infringing Products. Attached as

13

**Exhibit 12** is a printout of the product description posted by Defendants on their website at www.mightlybliss.com, as of October 31, 2019, showing the use of the mark PURE WAVE. The exhibit is partially reproduced below with the copied marketing language highlighted in yellow. The highlighted language was taken word-for-word from Plaintiff's promotional text (**Exhibit 5**), utilizing Plaintiff's PUREWAVE trademark, which are highlighted in red.

MIGHTY BLISS is powerful. If you are use to a gentle massage or are sensitive to aggressive massage therapy you may be surprised with MIGHTY BLISS strength. You may also be pleasantly surprised with the results after a few days of percussion therapy. When using Pure Wave for the first time, we recommend you start with the soft air-cushion attachment at lower speeds until you are comfortable with the strength of this massager. Read owner's manual prior to use. If you experience any bouncing try increasing the speed to reduce bouncing impact. You may also try holding the massager at a different position on the handle.

THE POWER OF PERCUSSION: Most muscle pain occurs deep in the tissue, where vibrating massagers can't reach. But Pure Wave percussion massagers use short, powerful strokes to penetrate deep. Gently stretching muscles and tendons. Breaking down adhesions and knots. Restoring circulation and flexibility. Professionals use Mighty Bliss for therapeutic massage. Now you can, too.

49.    On information and belief, Defendants also advertise the Infringing Products on third-party online marketplaces, such as GraceLife MediMart, Keug Reviews, and Vitamin Notes. Attached as **Exhibit 13** are screenshots showing Defendants' advertisements using the PURE WAVE mark in connection with Infringing Products on the GraceLife MediMart, Keug Reviews, and Vitamin Notes websites.

81816062v.1

50.     On information and belief, Defendants' copying of Plaintiff's User Manual and promotional text was deliberate and willful, and constituted willful copyright infringement, and was done with an intent by Defendants to unlawfully obtain the benefits of Plaintiff's industry and efforts , and to harm Plaintiff.

**Defendants' Passing Off / Trademark Infringement**

51.     Defendants have falsely promoted their Infringing Products as being Plaintiff's "Pure Wave" massager, thus infringing Plaintiff's PUREWAVE trademark and passing off their product as Plaintiff's.

52.     Defendants' use of the term "Pure Wave" has been without Plaintiff's consent, and is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, creates the false impression that the goods sold by Defendants are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

53.     On information and belief, Defendants' infringement was deliberate and willful, and done with intent by Defendants to unlawfully obtain the benefits of Plaintiff's industry and efforts, and to harm Plaintiff, and to pass off the Infringing Products as being Plaintiff's PUREWAVE massagers.

**Defendants Undercut Plaintiff**

54.     Having avoided the normal costs and expenses associated with developing their own product and marketing materials, Defendants proceeded to undercut Plaintiff on price. As of this writing, Plaintiff's PUREWAVE CM-07 massager sells on Amazon for $124.94. In contrast defendants sell their Infringing Products on Amazon.com for $108.17, thereby deliberating undercutting Plaintiff.

15

55.     On information and belief, Defendants are continuing to infringe the '197 patent, and/or induce others to infringe the '197 Patent by importing and/or making, using, offering for sale, and selling, products that infringe the '197 Patent including the Infringing Products.

56.     On information and belief, Defendants are continuing to infringe Plaintiff's copyrights by printing, distributing, and/or otherwise reproducing and benefiting from a User Manual and promotional text and graphics that constitute copies of Plaintiff's copyright-protected materials, including without limitation distributing Infringing Products together with User Manuals that constitute copies of, and thus copyright infringements of, Plaintiff's User Manuals.

57.     On information and belief, Defendants are continuing to infringe Plaintiff's PUREWAVE trademark and passing off their own Infringing Products as being Plaintiff's PUREWAVE massager, by using Plaintiff's trademark PUREWAVE and colorable imitations thereof within their advertising and promotional materials.

58.     On information and belief, Defendants, as a result of the foregoing acts, intentionally, willfully, and knowingly adopted a design that is virtually identical to the '197 Patent, copied Plaintiff's promotional materials, and used a trademark that is identical to the PUREWAVE Marks, both in, *inter alia*, an effort to trade on Plaintiff's goodwill and fame and to undercut the sales of genuine products.

## COUNT I
### Patent Infringement (35 U.S.C. § 271)

59.     Plaintiff realleges and incorporates here by reference the allegations set forth above.

81816062v.1

60.     In violation of 35 U.S.C. § 271, Defendants have infringed and are continuing to infringe, literally or under the doctrine of equivalents, the '197 Patent by practicing the '197 Patent in its manufacture, use, offering for sale, sale and/or importation of massagers that incorporate the '197 Patent, and/or by inducing or contributing to the infringement of the '197 Patent by others.

61.     On information and belief, Defendants' conduct was and is willful and intentional, and Friedman and Coy personally directed and authorized the manufacture, use, offering for sale, sale and/or importation of the Infringing Products.

62.     Defendants' wrongful acts will continue unless enjoined by this Court.

63.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

64.     Upon information and belief, Plaintiff has lost profits and Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined.

## COUNT II
### Copyright Infringement (17 U.S.C. § 501)

65.     Plaintiff realleges and incorporates here by reference the allegations set forth above.

66.     Defendants' conduct as alleged herein constitutes copyright infringement in violation of 17 U.S.C. § 501.

67.     On information and belief, Defendants' conduct was and is willful and intentional and that Friedman and Coy personally directed and authorized the creation and distribution of the infringing advertising and promotional material.

68.     Defendants' wrongful acts will continue unless enjoined by this Court.

17

69.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

70.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined.

## COUNT III

### False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))

71.     Plaintiff realleges and incorporates here by reference the allegations set forth above.

72.     As alleged hereinabove, the PUREWAVE trademark acquired secondary meaning prior to Defendants' misappropriation of that term to designate their Infringing Products and pass them off as being PUREWAVE massagers. Moreover, Defendants' intentional use of the "Pure Wave" name, in concert with pricing below that of PUREWAVE massagers and thereby "passing off" of Defendants' goods as though they were Plaintiff's, is prima facie evidence of the secondary meaning of the PUREWAVE trademark.

73.     Defendants' conduct as alleged herein constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

74.     On information and belief, Defendants' conduct was and is willful and intentional, and that Coy and Friedman personally directed and authorized the creation and distribution of the infringing advertising and promotional material.

75.     Defendants' wrongful acts will continue unless enjoined by this Court.

76.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

77.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined.

18

## COUNT IV

## Trademark Infringement Under New York Common Law

78.     Plaintiff realleges and incorporates here by reference the allegations set forth above.

79.     Plaintiff owns all right, title, and interest in and to the PUREWAVE Marks, including all common law rights in such marks.

80.     The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

81.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

82.     On information and belief, Defendants' conduct was and is willful and intentional and that Friedman and Coy personally directed and authorized the creation, distribution, and use of the PURE WAVE mark.

83.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

84.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy under law.

## COUNT V

## Unfair Competition Under New York Common Law

85.     Plaintiff realleges and incorporates here by reference the allegations set forth above.

86.     With knowledge of the fame and distinctiveness of Plaintiff's PUREWAVE Marks, Defendants intend to and did trade on the goodwill associated with the PUREWAVE

19

Marks by importing, producing, promoting, distributing, offering for sale, and selling products that are identical to the products sold under the PUREWAVE Marks.

87.     On information and belief, Defendants' conduct was and is willful and intentional and that Friedman and Coy personally directed and authorized the creation, distribution, and use of the PURE WAVE mark.

88.     Defendants' acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of the Infringing Products by Plaintiff all to the detriment and damage of Plaintiff and the unjust enrichment of Defendants.

89.     Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will suffer immediate and continuing irreparable harm and injury to their reputation and to the goodwill and distinctiveness in the PUREWAVE Marks.

## COUNT VI

### Injury to Business Reputation and Dilution Under New York Law
### (New York General Business Law § 360-l)

90.     Plaintiff realleges and incorporates here by reference the allegations set forth above.

91.     The aforesaid acts of Defendants have diluted, and will likely continue to dilute, the unique and distinctive quality of the PUREWAVE Marks and are likely to injure Plaintiff's business reputation, in violation of New York General Business Law § 360-l.

92.     Defendants knew and intended their acts to dilute the PUREWAVE Marks and to injure Plaintiff's business and reputation.

20

93.     The aforesaid acts of Defendants have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, Plaintiff will continue to suffer great and irreparable injury.

94.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy under law. Plaintiff is therefore entitled to injunctive relief.

## COUNT VII

### Deceptive Trade Practices
### (New York General Business Law § 349)

95.     Plaintiff realleges and incorporates here by reference the allegations set forth above.

96.     Defendants' aforementioned acts constitute misleading and deceptive trade practices under New York General Business Law § 349.

97.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer great damage to their business, goodwill, reputation, and profits while Defendants profit at their expense.

98.     Plaintiff has suffered irreparable harm and have no adequate remedy at law from the harm caused by Defendants' acts as alleged herein. Unless Defendants are permanently enjoined by the Court, Plaintiff will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.     Finding that: (i) Defendants have infringed U.S. Patent No. D855,197 in violation of 35 U.S.C. § 271; (ii) Defendants have committed copyright infringement in violation of 17 U.S.C. § 501; (iii) Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) Defendants have engaged in unfair competition, false designation of origin, and

21

dilution under common law of the State of New York; (v) Defendants have engaged in trademark infringement and unfair competition under the common law of the State of New York; (vi) Defendants have violated N.Y. Gen. Bus. Law §360-1; (vii) Defendants have violated N.Y. Gen. Bus. Law §360-1; (viii) Defendants have been unjustly enriched in violation of the common law of the State of New York; and (ix) Defendants' infringements were willful.

2.     Granting an injunction preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them anywhere, from:

(a)     importing, producing, exporting, advertising, marketing, promoting, supplying, distributing, selling, or offering for sale the Infringing Products;

(b)     importing, producing, exporting, advertising, marketing, promoting, supplying, distributing, selling, or offering for sale any products which bear the PUREWAVE Marks, or any other mark substantially or confusingly similar thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Plaintiff's rights in the PUREWAVE Marks or any other trademark owned by Plaintiff;

(c)     making, copying, distributing, or publishing the Infringing Product user manuals;

(d)     passing off, inducing, or enabling others to sell or pass off any product as products produced by Plaintiff, which are not in fact Plaintiff's products, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the PUREWAVE Marks;

22

(e)        engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of designations and indicia associated with Plaintiff;

(f)        engaging in any activity that will diminish the unique and distinctive quality of the PUREWAVE Marks and harm the reputation and goodwill in the PUREWAVE Marks;

(g)        otherwise competing unfairly with Plaintiff in any manner;

(h)        shipping, delivering, transferring, or otherwise disposing of, in any manner, products or inventory which bear Plaintiff's PUREWAVE Marks or any mark confusingly similar thereto; and

(i)        secreting, destroying, altering, removing, or otherwise making unavailable any document or record pertaining to the Infringing Products, or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of the Infringing Products.

3.        Directing that Defendants shall deliver to Plaintiff for destruction all user manuals for Infringing Products, and all plates, molds, matrices and other means of production of same under 17 U.S.C. § 503.

4.        Directing that Defendants remove any simulation, reproduction, counterfeit, copy, or colorable imitation of the PUREWAVE Marks, or any mark confusingly similar thereto, from any and all advertising in any medium and/or websites under their control, including, but not limited to www.mightybliss.com and any relevant third party retailer.

81816062v.1

5.      Directing that Defendants deliver to Plaintiff's counsel for destruction at Defendants' cost all signs, products, packaging, promotional and advertising material, catalogs, and any other items that bear, contain, or incorporate any simulation, reproduction, counterfeit, copy, or colorable imitation of the PUREWAVE Marks.

6.      Directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any product at issue in this case, that has been produced, exported, advertised, marketed, promoted, supplied, distributed, sold, or offered for sale by Defendants, has been authorized by Plaintiff, or is related to or associated in any way with Plaintiff or their products.

7.      Directing Defendants to file with the Court and serve upon Plaintiff, within thirty (30) days after service upon Defendants of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which Defendants has complied with the injunction herein.

8.      Awarding damages under 35 U.S.C. § 284, and of the Defendants' totals profits but not less than $250 under 35 U.S.C. § 289, for their infringements of the '197 Patent, together with pre-judgment and post-judgment interest.

9.      Awarding treble damages pursuant to 35 U.S.C. § 284.

10.     Awarding attorney's fees pursuant to 35 U.S.C. § 285.

11.     Awarding damages and Defendant's profits under 17 U.S.C. § 504 for Defendants' acts of copyright infringement;

12.     Awarding attorney fees under 17 U.S.C. § 505.

13.     Awarding the costs of this action.

81816062v.1

14.     Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts and directing that such profits be trebled, as provided by law.

15.     Awarding Plaintiff its actual damages in the amount to be proven at trial and punitive damages in an amount to be proven at trial.

16.     Awarding Plaintiff its costs, attorney fees, and investigatory fees and expenses to the full extent provided for by and relief under 15 U.S.C. §§ 1116-1118 and N.Y. Gen. Bus. Law §§ 349 and 360-l.

17.     Awarding Plaintiff pre- and post-judgment interest on any monetary award made part of the judgment against Defendants.

18.     Awarding Plaintiff such additional and further relief as the Court deems just and proper.

81816062v.1

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(d), Plaintiff hereby demand a jury trial on all issues so triable that are raised by this Complaint.

LOCKE LORD LLP

Dated: December 17, 2019      By:   /s/ Rory J. Radding
                                         Rory J. Radding
                                         H. Straat Tenney
                                         LOCKE LORD LLP
                                         200 Vesey Street, 20th Floor
                                         New York, New York 10281
                                         Tel: (212) 415-8600
                                         Fax: (212) 303-2754
                                         rory.radding@lockelord.com
                                         straat.tenney@lockelord.com

Joel D. Voelzke (admitted *pro hac vice*)
Intellectual Property Offices of Joel Voelzke, A P.C.
24772 W. Saddle Peak Road
Malibu, California 90265
Tel: (310) 317-4466
Fax: (310) 317-4499
Joel@Voelzke.com

*Attorneys for Plaintiff Pado, Inc.*

81816062v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, I filed the foregoing via the Court's CM/ECF system which will automatically send electronic notice of such filing to all registered counsel of record.

/s/ Rory J. Radding
Rory J. Radding

81816062v.1