UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
PADO, INC. and HOMELEC KOREA CO.,
LTD.,

                    Plaintiffs,

          -against-                           **MEMORANDUM AND ORDER**
                                                        19-CV-6614 (RPK) (RER)
SG TRADEMARK HOLDING CO LLC,
WIEDER AND FRIEDMAN
ENTERPRISES, MOSHE FRIEDMAN
a/k/a COY WEST, HERSCHEL
FRIEDMAN, ABC CORPORATIONS
1-10, and JOHN DOES 1-10,

                    Defendants.
------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiffs Pado, Inc. ("Pado") and Homelec Korea Co., Ltd. ("Homelec"), makers of the "Purewave" massage device, filed this suit alleging that the makers of the competing "Mighty Bliss" device infringed their patent, copyright, and trademark rights under federal and New York law. Plaintiffs also bring claims for various torts under New York law. In the operative complaint, plaintiffs name as defendants SG Trademark Holding Co., LLC ("SG") and Wieder and Friedman Enterprises, Inc. ("Wieder") (together, the "Corporate Defendants"). Plaintiffs also name as defendants Moshe Friedman, whom plaintiffs allege to be the sole owner of SG, and Herschel Friedman, whom plaintiffs allege to be an agent of SG and the owner of Wieder (together, the "Individual Defendants"). The Individual Defendants have moved to dismiss plaintiffs' claims against them under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint does not adequately plead that they are personally liable for SG and Wieder's alleged misconduct. For the reasons below, plaintiffs' claim of direct patent infringement against the Individual Defendants is dismissed. The motion to dismiss is otherwise denied.

## BACKGROUND

### I. The Parties

Since 2015, Pado has sold, marketed, and distributed a line of handheld massagers under the brand "Purewave." Second Am. Compl. ¶ 26 ("SAC") (Dkt. #32). Pado asserts nationwide common law trademark rights in that mark. *Id*. ¶ 27. Homelec designs and manufactures electronic massagers. *Id*. ¶ 7. It licenses to Pado patent number D855,197 ("the '197 Patent"), a massager-related patent that is used in Purewave devices. *Id.* ¶¶ 6-7, 16-20, 25.

Defendants SG and Wieder sell a competing massager under the brand "Mighty Bliss." *Id.* ¶¶ 8-9. According to the complaint, SG holds federal registrations for the trademarks "MIGHTY BLISS" and "PURWAVE" for handheld massagers. *Ibid.* Wieder is the exclusive licensee of those marks. *Ibid.* Plaintiffs also name as a defendant Moshe Friedman, who is alleged to be "the sole owner" of SG, *id.* ¶ 52; *see id.* ¶ 10, and Herschel Friedman, who is alleged to be "the owner" of Wieder, *id.* ¶ 65, as well as "an agent" of SG, *id.* ¶ 11.

### II. Procedural History

Pado filed this action in November 2019 against SG, the Individual Defendants, and several unnamed corporations and individuals. *See* Compl. (Dkt. #1). On January 28, 2020, plaintiffs filed the operative Second Amended Complaint, which added Homelec as a plaintiff, Wieder as a defendant, and several new claims and theories of liability. *See generally* SAC.

The Second Amended Complaint contains 11 claims. These include nine claims against the Individual Defendants: direct and induced patent infringement (Count I), direct and vicarious copyright infringement (Count II), trademark infringement and unfair competition (Counts III-V, X), and various claims under New York tort law (Counts VI, VII, IX). *See generally ibid*.

Count I alleges that the Corporate and Individual Defendants have infringed the '197 patent. *Id.* ¶¶ 39-51, 146-152. Plaintiffs allege that, as of the date plaintiffs served the complaint and summons on the defendants, "all Defendants had actual knowledge of the '197 Patent" and had "actual knowledge" that the Mighty Bliss massager infringed that patent, or intentionally avoided such knowledge. *Id.* ¶¶ 43, 48-49. The complaint also alleges, on information and belief, that the Individual Defendants are both "personally responsible for product development, product design, marketing, and sales at the Corporate Defendants," are "essential to the operations of the Corporate Defendants," *id.* ¶¶ 52, 65, and "encouraged and induced the Corporate Defendants to continue to sell the Mighty Bliss massager despite being aware of the '197 Patent," *id.* ¶ 50. Plaintiffs also allege that, after learning of the '197 Patent, the Individual Defendants "personally directed and authorized" the manufacture, use, and sale of the allegedly infringing Mighty Bliss device, including by creating and maintaining "websites and online stores" and by creating "advertising and marketing material" used to sell the device. *Id.* ¶¶ 148-149. The complaint includes photos comparing the appearance and design of the Mighty Bliss device that the Individual Defendants allegedly designed with the device depicted in the '197 Patent. *See id.* at 10-11. Plaintiffs allege that the two devices are "highly similar in appearance." *Id.* ¶ 56.

Count II alleges that the Corporate and Individual Defendants infringed plaintiffs' copyrighted user manuals and marketing materials for the Purewave device. *Id.* ¶¶ 67-80; 153-161. According to the complaint, several sections of the Mighty Bliss user manual contain language that is "identical and[/]or strikingly similar" to language in the Purewave manual. *Id.* ¶¶ 68-77. The complaint alleges that the Individual Defendants "personally directed and authorized the creation and distribution of the infringing advertising and promotional material," "authorized

the infringing activity," "were dominant influences in the Corporate Defendants," and "determined the policies which resulted in the infringements." *Id.* ¶¶ 155-158; *see id.* ¶¶ 76, 80.

Counts III, IV, and V allege that the Corporate and Individual Defendants infringed plaintiffs' trademark rights in the PUREWAVE mark by including in the Mighty Bliss user manual the term "Pure Wave." *Id.* ¶¶ 162-180; *see id.* ¶¶ 81-88. The complaint alleges that "the Individual Defendants personally directed and authorized" the creation, distribution, and use of the infringing materials. *See id.* ¶¶ 165, 173, 178. Count X alleges that the Corporate and Individual Defendants made false and misleading representations in violation of the Lanham Act, 15 U.S.C. § 1125, by filing complaints with Amazon, Facebook, Instagram, and Twitter claiming that Pado's Purewave device infringed SG's Purwave trademark. *Id.* ¶¶ 120-143, 218-232. In response to these complaints, Amazon removed Pado's Purewave device from its platform and the social media companies removed or considered removing Pado's Purewave social media accounts. *Id.* ¶¶ 120-126. Plaintiffs allege that as a result, they suffered monetary losses and loss of goodwill. *Id.* ¶¶ 144-145. The complaint further alleges that the Individual Defendants directed their attorney to file the complaints with Amazon and the social media companies. *Id.* ¶ 128.

Counts VI, VII, and IX allege that the Corporate and Individual Defendants violated New York General Business Law and common law. *See id.* ¶¶ 181-189, 200-217. In particular, Counts VI and VII allege that the Corporate and Individual Defendants violated New York law because they diluted SG's trademark, and because their acts constituted misleading and deceptive trade practices. *See id.* ¶¶ 181-189. Count IX alleges that the Corporate and Individual Defendants tortiously interfered with plaintiffs' contractual relations with Amazon and with social media companies by filing infringement complaints with those companies. *See id.* ¶¶ 200-217.

The complaint also contains allegations regarding the Individual Defendants' roles at SG and Wieder. Plaintiffs allege, on information and belief, that "Moshe Friedman is the sole owner of [SG]," *id.* ¶ 52, and "co-designed and developed the Infringing Products for the Corporate Defendants," *id.* ¶¶ 53, 59. The complaint supports these pleadings with additional allegations—not on information and belief—that Moshe Friedman is "a named co-inventor" of a patent for a "cordless massager" that is owned by SG ("the '295 Patent"), *id.* ¶ 54, and that Moshe Friedman communicates with SG's customers under the alias "Coy West," *id.* ¶ 60. Plaintiffs attached to the complaint a letter from "Coy West" in which "Coy" represents himself to be the "owner of Mighty Bliss" and requests a positive review. *Id.*, Ex. 11. The return address is alleged to be that of Moshe Friedman. *See ibid.*

As for Herschel Friedman, the complaint alleges, on information and belief, that he is "an agent of" SG and "the owner of" Wieder. *Id.* ¶ 11; *see id.* ¶ 65. It further alleges that Herschel Friedman's "home address is the same as" Wieder's "business address." *Id.* ¶ 66. The complaint also alleges that "according to the New York Department of State online database," Herschel Friedman "accepts service" for SG. *Id.* ¶ 64.

Plaintiffs further allege, on information and belief, that both Moshe Friedman and Herschel Friedman "[have] personally participated in and [have] willfully and knowingly directed the wrongful acts of the Corporate Defendants," and did so "for the benefit of the Corporate Defendants and for [their] own benefit." *Id.* ¶¶ 10-11.

The Individual Defendants have moved to dismiss all claims against them for failure to state a claim. *See* Mot. to Dismiss ("Defs.' Br.") (Dkt. #67-1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial "plausibility standard is not akin to a 'probability requirement.'" *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). But it requires a plaintiff to allege sufficient facts to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.*

A plaintiff may "plead[] facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted). In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Ibid.*

In deciding a motion to dismiss, the court may only "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

DISCUSSION

Plaintiffs' claim for direct patent infringement against Moshe Friedman and Herschel Friedman is dismissed because the complaint fails to allege facts that would justify piercing the corporate veil. The motion to dismiss is otherwise denied. Plaintiffs have adequately alleged that the Individual Defendants are personally liable for induced patent infringement under federal law, trademark infringement and unfair competition under federal and state law, copyright infringement under federal law, and related New York business torts.

I.  **Direct Patent Infringement (Count I)**

Plaintiffs have failed to adequately plead that the Individual Defendants committed direct patent infringement.

   A. **Legal Standard**

"When deciding a summary judgment motion in a patent action, the district court applies the law of the circuit in which it sits to non-patent issues, and the law of the Federal Circuit to substantive patent law issues." *Coconut Grove Pads, Inc. v. Mich & Mich TGR, Inc.*, 222 F. Supp. 3d 222, 231 n.6 (E.D.N.Y. 2016); *see Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 414 F. Supp. 3d 304, 307 (E.D.N.Y. 2019). The Federal Circuit has held that as a general matter, "[t]he 'corporate veil' shields a company's officers from personal liability for direct [patent] infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010). Determining whether corporate officers are personally liable for direct patent infringement therefore "requires invocation of those general principles relating to piercing the corporate veil." *Ibid.*; *see Koninklijke Philips Elecs. N.V. v. The ADS Grp.*, 694 F. Supp. 2d 246, 251 (S.D.N.Y. 2010). The corporate veil doctrine "is not unique to patent law" and is accordingly

governed by the law of the regional circuit. *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007).

In the Second Circuit, "the veil-piercing analysis is governed by the law of the place of incorporation." *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 430 (S.D.N.Y. 2010) (citing *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000)). Because SG and Wieder are New York corporations, the parties agree that New York law governs the veil-piercing analysis here. SAC ¶¶ 9-10; Defs.' Br. at 11; Mem. of L. in Opp'n to Dismissal at 10 ("Pls.' Br.") (Dkt. #71); *see AVELA, Inc. v. Est. of Monroe*, 34 F. Supp. 3d 311, 319 (S.D.N.Y. 2014) (citing *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

Under New York law, "[a]s a rule, the corporate form is accorded great respect and is set aside only when necessary to avoid a manifestly inequitable result." *Koninklijke*, 694 F. Supp. 2d at 251. A party seeking to pierce a corporate veil must allege "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Ibid.* (quoting *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997)). That party "must come forward with factual allegations as to both elements of the veil-piercing claim." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005).

In analyzing whether an individual exercised "domination" over a corporation, New York courts have considered:

> (1) whether corporate formalities are observed,
> (2) whether the corporation is adequately capitalized,
> (3) "whether funds are put in and taken out of the corporation for personal rather than corporate purposes,"
> (4) whether there is "an overlap in ownership, officers, directors, and personnel,"
> (5) whether the corporate entities share "common office space, address and telephone numbers,"
> (6) "the amount of business discretion displayed by the allegedly dominated corporation,"

(7) whether the alleged dominator deals with the dominated corporation at arm's length,
(8) whether the corporation is treated as an independent profit center,
(9) whether others pay or guarantee debts of the corporation, and
(10) whether the corporation had property that was used by the alleged dominator as if it were his own.

*Koninklijke*, 694 F. Supp. 2d at 251-52 (quoting *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 139 (2d Cir. 1991)).

### B. Analysis

Plaintiffs have not adequately pleaded facts that would justify piercing the corporate veil to hold the Individual Defendants directly liable for patent infringement. While defendants argue that the allegation that Herschel Friedman is the owner of Wieder should be disregarded because "[p]laintiffs' counsel was previously advised that Herschel Friedman is not employed by the Corporate Defendants or otherwise affiliated with the matters in this case," Defs.' Br. at 12, at this stage of litigation the allegations in the complaint are assumed to be true. *See DiFolco*, 662 F.3d at 111.

Nevertheless, plaintiffs' allegations that Moshe Friedman is "sole owner" of SG, and that Herschel Friedman is the owner of Wieder and an "agent" of SG with the same address as SG, *see* SAC ¶¶ 10-11, 52, 64-66, are not enough to plead domination, because "the mere fact that an individual is the sole member, shareholder, or a controlling person in an entity does not, by itself, justify piercing the corporate veil." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 578 (S.D.N.Y. 2013); *see Naftali v. New York Deferred Exch. Corp.*, No. 15-CV-7152, 2017 WL 4325725, at *9-*10 (E.D.N.Y. Aug. 15, 2017), *report and recommendation adopted*, 2017 WL 4286260 (E.D.N.Y. Sept. 26, 2017); *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471 (2000) ("One-person corporations are authorized by law and should not lightly be labeled sham[s].").

And plaintiffs do not allege sufficient additional facts to support a finding of domination. They do not allege, for example, that the Individual Defendants failed to observe corporate formalities, that the corporations were inadequately capitalized, that the Individual Defendants comingled funds with the corporations, that the corporations were not treated as "independent profit center[s]," or that the Individual Defendants paid or guaranteed the debts of the corporations. *See Koninklijke*, 694 F. Supp. 2d at 251-52; *Allison v. Clos-ette Too, LLC*, No. 14-CV-1618, 2014 WL 4996358, at *5 (S.D.N.Y. Sept. 15, 2014) (dismissing veil-piercing claim in part because "[n]one of the factors for analyzing complete domination [were] alleged: the complaint makes no reference to lack of corporate formalities, intermingling, or personal use of corporate funds"), *report and recommendation adopted sub nom. Ellison v. Clos-ette Too, LLC*, No. 14-CV-1618, 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014). Accordingly, plaintiffs' claim of direct patent infringement against the Individual Defendants is dismissed.

## II. Induced Patent Infringement (Count I)

Plaintiffs have adequately pleaded a claim of induced patent infringement against the Individual Defendants.

### A. Legal Standard

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To state a claim for induced patent infringement, a plaintiff must plead (1) that the patent was directly infringed, (2) that the defendant "knowingly induced infringement," and (3) that the defendant "possessed specific intent to encourage another's infringement." *Omega Patents, LLC v. CalAmp Corp.*, 920 F.3d 1337, 1349 (Fed. Cir. 2019).

To adequately plead knowledge, a plaintiff must allege that a defendant both "knew of the patent and knew as well that the induced acts constitute patent infringement." *Enplas Display*

*Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)). But "in this Circuit at least," it "is not essential to a claim of induced infringement" that the defendant have had such knowledge before the lawsuit was filed. *Automated Transactions, LLC v. First Niagara Fin. Grp., Inc.*, No. 10-CV-407, 2010 WL 5819060, at *6 (W.D.N.Y. Aug. 31, 2010), *report and recommendation adopted*, No. 10-CV-407, 2011 WL 601559 (W.D.N.Y. Feb. 11, 2011); *see 3D Sys., Inc. v. Formlabs, Inc.*, No. 13-CV-7973, 2014 WL 1904365, at *4 (S.D.N.Y. May 12, 2014); *Smartwater, Ltd. v. Applied DNA Scis., Inc.*, No. 12-CV-5731, 2013 WL 5440599 at *8 (E.D.N.Y. Sept. 27, 2013).

To adequately plead specific intent, a plaintiff must allege (1) that the defendant "intended to cause the acts that constitute the direct infringement" and (2) that the defendant "kn[ew] or should have known [that] its actions would cause the direct infringement[.]" *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008). Specific intent "may be established through circumstantial evidence" and "may be inferred from all of the circumstances." *Ibid.*

### B. Analysis

Plaintiffs have adequately stated a claim against the Individual Defendants for induced patent infringement.

Contrary to the Individual Defendants' arguments, the operative complaint adequately alleges knowledge and specific intent on the part of the Individual Defendants. As to knowledge, plaintiffs allege that the Individual Defendants "became aware of the '197 Patent," and the fact that the Mighty Bliss massager infringed that patent, "at least by November 26, 2019 when the summons and original complaint were served," *id.* ¶ 43; *see id.* ¶¶ 48-49, and yet continued to encourage and induce the Corporate Defendants to sell the infringing device afterward, *id.* ¶¶ 50,

11

148. The weight of authority in this circuit indicates that a plaintiff may plead a defendant's knowledge and intent as of the date the suit was filed. *See Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 254 (E.D.N.Y. 2016) ("[T]he filing of a federal complaint identifying the patents-in-suit satisfies the requirement that a plaintiff plead a defendant's knowledge of the patents-in-suit."); *see also SEB, S.A. v. Montgomery Ward & Co.*, 412 F. Supp. 2d 336, 344 (S.D.N.Y. 2006); *3D Sys.*, No. 13-CV-7973, 2014 WL 1904365, at *4; *Smartwater, Ltd.*, No. 12-CV-5731, 2013 WL 5440599, at *8 (collecting cases); *cf. Crypto Rsch., LLC v. Assa Abloy, Inc.*, 236 F. Supp. 3d 671, 686-87 (E.D.N.Y. 2017) (allegations "that the defendants 'continued to make, use, offer to sell, sell, and/or import into the United States' the infringing products after the plaintiff put the defendants on notice of its infringement by sending it letters notifying it of the patents-in-suit" sufficed to plead knowledge); *Automated Transactions*, No. 10-CV-407, 2010 WL 5819060, at *6; *but see Pfizer, Inc. v. Gelfand*, No. 08-CV-2018, 2008 WL 2736019, at *1 (S.D.N.Y. July 9, 2008) (suggesting without further discussion that plaintiff had to allege "that [defendant] was aware or should have been aware" of the patent "prior to the commencement of [the] action").

Furthermore, plaintiffs have alleged additional facts that provide circumstantial evidence that the Individual Defendants knew of plaintiffs' patent and knew that the Mighty Bliss massager infringed that patent. *See Enplas Display*, 909 F.3d at 407. For example, the complaint alleges that the infringed and infringing products are "highly similar" and includes images supporting that allegation. SAC ¶ 56; *see id.* at 10-11. And plaintiffs have alleged that the infringed and infringing products are competing products in a single market—the market for handheld massage devices. *See id.* ¶¶ 1, 14-15, 42. Courts have found that the likelihood of a defendant's knowledge of "existing patents in the industry" is "heighten[ed]" where the plaintiff and defendant are competitors in such a market. *3D Sys.*, No. 13-CV-7973, 2014 WL 1904365, at *3; *cf. Weiland*

*Sliding Doors v. Panda Windows and Doors, LLC*, No. 10-CV-677, 2012 WL 202664, at *4 (S.D. Cal. Jan. 23, 2012) (holding that complaint adequately pleaded knowledge in part because it alleged that the parties were competitors in the "high-end lift-slide door system market").

Plaintiffs have also adequately pleaded that the Individual Defendants had the specific intent to induce infringement of plaintiffs' patent. Plaintiffs allege that the Individual Defendants personally participated in the design, manufacture, marketing, and sale of the infringing product, and that the infringing Mighty Bliss massager was very similar to the patented Purewave device. *See* SAC ¶¶ 56, 148-149. Courts have found such allegations adequate to plead specific intent to induce infringement. *Crypto Rsch.*, 236 F. Supp. 3d at 686-87 ("[I]n light of the fact that the defendants' products are allegedly infringing, and drawing all reasonable inferences in the plaintiff's favor, the mere sale of the allegedly infringing product is enough to plead the defendants' intent to induce their end-users' infringement." (citing *Conair Corp. v. Jarden Corp.*, No. 13-CV-6702, 2014 WL 3955172, at *3 (S.D.N.Y. Aug. 12, 2014))); *see Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) (stating that the defendant's "role as the designer and manufacturer of the [allegedly infringing devices] may evidence an intent sufficiently specific to support a finding of inducement").

The Individual Defendants argue that the operative complaint is inadequate because those of its allegations that are made on "information and belief" should be disregarded as conclusory. But a complaint may rely on allegations made on information and belief when "the belief is based on factual information that makes the inference of culpability plausible," as the complaint does here by alleging a strong similarity between the infringed and infringing products. *Arista*, 604 F.3d at 120; *see Marquess v. CardFlex, Inc.*, No. 19-CV-4790, 2021 WL 355153, at *9 (E.D.N.Y. Feb. 2, 2021) (stating that the pleading standard "demands 'factual amplification where needed to

render a claim plausible,' but it does not follow that plaintiffs [are] required to plead the sources of [their] information or explain 'the reasons for Plaintiffs' belief upon which the allegations are based'" (quoting *Arista*, 604 F.3d at 120)). Such pleading is also permitted as to facts "peculiarly within the possession and control of the defendant," *Arista*, 604 F.3d at 120; *see Haley v. Tchrs. Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, 269 (S.D.N.Y. 2019)—such as the facts regarding knowledge and intent that are at issue here. The motion to dismiss the induced patent infringement claim against the Individual Defendants is therefore denied.

### III. Trademark Infringement and Unfair Competition Under the Lanham Act and New York Common Law (Counts III-V, X)

Plaintiffs have adequately pleaded that the Individual Defendants engaged in false designation of origin, unfair competition, and false or misleading representation under the Lanham Act, 15 U.S.C. § 1125(a) (Counts III, X), as well as trademark infringement and unfair competition under New York law (Count IV, V).

#### A. Legal Standard

A corporate officer may be held directly liable for trademark infringement and unfair competition if the officer is a "moving, active, conscious force behind the defendant corporation's infringement." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 155 (E.D.N.Y. 2016) (quoting *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014)). "A corporate officer is considered a moving, active, conscious force behind a company's infringement when the officer was either the sole shareholder and employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity." *Mayes v. Summit Ent. Corp.*, 287 F. Supp. 3d 200, 211 (E.D.N.Y. 2018) (quoting *Innovation Ventures*, 176 F. Supp. 3d at 155).

## B. Analysis

Plaintiffs have adequately alleged that the Individual Defendants are individually liable for trademark infringement under the Lanham Act. First, in the context of trademark infringement, "[t]he case law is clear that if a corporate officer was either the sole shareholder and employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity, the officer is a moving, active, conscious, force behind the corporation's infringement." *Chloe v. Queen Bee of Beverly Hills, LLC*, No. 06-CV-3140, 2011 WL 3678802, at *5 (S.D.N.Y. Aug. 19, 2011); *see, e.g.*, *Innovation Ventures*, 176 F. Supp. 3d at 171; *Elastic Wonder, Inc. v. Posey*, No. 13-CV-5603, 2015 WL 273691, at *4 (S.D.N.Y. Jan. 22, 2015); *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 504, 525-26 (S.D.N.Y. 2014); *cf. Johnson & Johnson Consumer Cos., Inc. v. Aini*, 540 F. Supp. 2d 374, 397-98 (E.D.N.Y. 2008) (denying summary judgment for individual defendant because his status as "president, sole shareholder, and only full-time employee" of corporate defendant raised a genuine factual dispute as to whether he was a "moving, active, conscious force" behind the corporate defendant's trademark infringement). And here, the complaint alleges that Moshe Friedman is the "sole owner" of SG, SAC ¶ 52, and that Herschel Friedman is "the owner" of Wieder, *id.* ¶ 65. Second, plaintiffs further allege that both Individual Defendants "personally directed and authorized the creation, distribution, and use of the infringing materials, including the 'Pure Wave' Mark" in the Mighty Bliss user manual. *Id.* ¶ 173; *see id.* ¶¶ 80, 83, 165. They have thus also adequately pleaded that the Individual Defendants were "direct participant[s] in the infringing activity." *Chloe*, No. 06-CV-3140, 2011 WL 3678802, at *5; *see e.g.*, *KatiRoll Co.*, 33 F. Supp. 3d at 370.

For substantially the same reasons, plaintiffs have adequately alleged that the Individual Defendants are personally liable for trademark infringement and unfair competition under New

York common law. "It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims." *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005). Allegations that suffice to plead individual liability under the Lanham Act therefore also suffice to plead individual liability for trademark infringement and unfair competition under New York law. *See, e.g.*, *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15-CV-6015, 2017 WL 112515, at *5 (E.D.N.Y. Jan. 11, 2017); *Elastic Wonder*, No. 13-CV-5603, 2015 WL 273691, at *5 n.5. Accordingly, the motion to dismiss plaintiffs' trademark infringement and unfair competition claims against the Individual Defendants is denied.

## IV. Copyright Infringement (Count II)

Plaintiffs have adequately pleaded that the Individual Defendants are liable for copyright infringement under 17 U.S.C. § 501 (Count II).

### A. Legal Standard

Under the Copyright Act, "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright," 17 U.S.C. § 501(a), including corporate officers who participate in the infringement, *see Sygma Photo News, Inc. v. High Soc. Mag., Inc.*, 778 F.2d 89, 92 (2d Cir. 1985); *Graham Hanson Design LLC v. 511 9th LLC*, No. 10-CV-5493, 2011 WL 744801, at *5 (S.D.N.Y. Feb. 24, 2011).

Plaintiffs allege that the Individual Defendants are both directly and vicariously liable for copyright infringement. *See* SAC ¶¶ 155-158. To state a claim for direct copyright infringement, a plaintiff must allege (1) that the plaintiff owns a valid copyright, and (2) that the defendant copied "constituent elements of the work that are original." *Arista*, 604 F.3d at 117 (quoting *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991)). Courts in this circuit have used the "moving, active, conscious force" inquiry that applies to trademark infringement

claims to assess claims against a corporate officer for direct copyright infringement. *See Stora v. Don't Ask Why Outfitters*, No. 15-CV-7106, 2016 WL 10571885, at *4 (E.D.N.Y. Dec. 7, 2016); *see also, e.g.*, *Innovation Ventures*, 176 F. Supp. 3d at 171. The parties have applied that rubric in their briefs. *See* Defs.' Br. at 17-18; Pls.' Br. at 19-21.

A person is vicariously liable for copyright infringement if the person had (1) the right and ability to supervise the infringing activity, and (2) an obvious and direct financial interest in exploitation of the copyrighted materials. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930-31 (2005) (stating that a person "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it"); *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 99 (2d Cir. 2016) (stating that a person is vicariously liable for copyright infringement if he had a "right and ability to supervise [that] coalesce[d] with an obvious and direct financial interest in the exploitation of copyrighted materials" (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997))). The parties agree that this inquiry is used to assess plaintiffs' claim of vicarious copyright infringement. *See* Defs.' Br. at 19; Pls.' Br. at 21 n.4.

### B. Analysis

Plaintiffs have adequately alleged that the Individual Defendants are directly and vicariously liable for copyright infringement. In particular, plaintiffs' allegations that the Individual Defendants owned the Corporate Defendants, *see* SAC ¶¶ 52, 65, personally directed the copying of Pado's user manuals into the user manual for the Mighty Bliss device, *see id.* ¶¶ 67, 70-76, 80; *id.* at 15-18, and were "personally responsible for product development, product design, marketing and sales" at the Corporate Defendants, *id.* ¶¶ 52, 65, are adequate to plead direct copyright infringement. *See Sygma Photo News*, 778 F.2d at 92.

And the complaint adequately pleads vicarious liability as well. Specifically, plaintiffs' claims that the Individual Defendants owned SG and Wieder, respectively, and acted for the benefit of themselves and of the corporations, *see* SAC ¶¶ 10-11, 52, 65, amount to adequate allegations that the Individual Defendants had the right and ability to supervise the copying of the user manuals and a direct financial interest in the alleged exploitation of the copyrighted materials. *Cf. Smith v. Mikki More, LLC*, 21 F. Supp. 3d 276, 281-82 (S.D.N.Y. 2014) (complaint adequately alleged a corporate officer's individual liability for direct and vicarious copyright infringement where officer "was an active participant" in the infringement); *Asia TV USA Ltd. v. Kamran Int'l Trade Ltd.*, No. 17-CV-5057, 2018 WL 6313215, at *6 (E.D.N.Y. Sept. 25, 2018) (complaint adequately alleged individual liability for copyright infringement under direct and vicarious theories of liability where complaint alleged that defendant "owns and controls" the infringing corporation, "personally directs, supervises, controls and participates" its infringing activities, and "directly profits" from the infringement"), *report and recommendation adopted*, No. 17-CV-5057, 2018 WL 6313180 (E.D.N.Y. Dec. 3, 2018); *see also Jonathan Adler Enters, LLC v. Ins & Outs Pottery, Inc.*, No. 12-CV-4866, 2012 WL 4471540, at *1 (S.D.N.Y. Sept. 26, 2012); *Capitol Recs., Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280, 285 (E.D.N.Y. 2002).

## V. New York Business Torts (Counts VI, VII, IX)

Plaintiffs have adequately pleaded their claims under New York's business tort law.

### A. Legal Standard

Plaintiffs' New York tort law claims are for business reputation and dilution under N.Y.G.B.L. § 360-1 (Count VI), deceptive trade practices under N.Y.G.B.L. § 349 (Count VII), and tortious interference with contractual relations under New York common law (Count IX). *See* SAC ¶¶ 181-189, 200-217. "Under New York law, 'a corporate officer who commits or

18

participates in a tort, even if it is in the course of his duties on behalf of the corporation, may be held individually liable.'" *Bano v. Union Carbide Corp.*, 273 F.3d 120, 133 (2d Cir. 2001) (quoting *LoPresti v. Terwilliger*, 126 F.3d 34, 42 (2d Cir. 1997)); *see Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 701 (S.D.N.Y. 2015); *Steven Madden, Ltd. v. Jasmin Larian, LLC*, No. 18-CV-2043, 2019 WL 294767, at *6 (S.D.N.Y. Jan. 22, 2019). To adequately plead an individual's liability, a complaint must "specifically allege[] personal participation, rather than mere awareness or control." *Steven Madden*, No. 18-CV-2043, 2019 WL 294767, at *6-*7 (quoting *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 526 (S.D.N.Y. 2015)).

### B. Analysis

Plaintiffs have adequately alleged that the Individual Defendants personally participated in the commission of the alleged state law torts. As explained above, the complaint alleges that the Individual Defendants own the Corporate Defendants, personally directed their tortious conduct, and were responsible for product development, product design, marketing, and sales at SG and Wieder. *See* SAC ¶¶ 10-11, 52, 53, 62, 65, 76, 80. Plaintiffs also allege, as relevant to the claim of tortious interference, that Moshe Friedman and Herschel Friedman sent a letter to customers requesting "a nice review" on Amazon.com. *Id.* ¶¶ 61-62. And they allege that Moshe Friedman and Herschel Friedman directed their attorney to file a complaint with Amazon and other social media companies claiming that Pado's products infringed defendants' PURWAVE trademark. *Id.* ¶ 128; *see id.* ¶¶ 120-145. The complaint therefore makes sufficient factual allegations of the Individual Defendants' personal participation in the corporations' tortious conduct. *Cf. Mayfield*, 95 F. Supp. 3d at 701 (complaint adequately alleged individual liability for deceptive trade practices because individual defendants allegedly made misrepresentations in fraudulent debt collection lawsuits against consumers).

*Reynolds* and *Steven Madden*, on which the Individual Defendants rely, are inapposite. While the courts in those cases dismissed claims against individual defendants because the complaints failed to adequately allege personal participation in the underlying torts, the complaints were bereft of specific factual allegations about the individual defendants' participation in the infringing conduct. *See Steven Madden*, No. 18-CV-2043, 2019 WL 294767, at *6; *Reynolds*, 136 F. Supp. 3d at 526. Here, by contrast, the complaint alleges not only that the Individual Defendants owned the Corporate Defendants but also that they took specific actions to direct their tortious conduct, including developing, selling, and marketing the allegedly infringing products, *see* SAC ¶¶ 10-11, 52-53, 65, and filing a complaint of infringement with Amazon and other social media companies, *see id.* ¶¶ 128, 200-217. The motion to dismiss the New York business tort claims is accordingly denied.

## CONCLUSION

Plaintiffs' claim for direct patent infringement against Moshe Friedman and Herschel Friedman is dismissed. The motion to dismiss is otherwise denied, and the remaining claims against the Individual Defendants may proceed.

SO ORDERED.

                                          */s/ Rachel Kovner*
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated: April 29, 2021
       Brooklyn, New York